ANNA COLLINS, Appellant, v. WELLS, FARGO & COMPANY, EXPRESS, Appellee.

**Negligence:** COLLISION OF VEHICLES: EVIDENCE.    On the question of a collision of plaintiff's carriage with defendant's dray wagon with resulting injury to plaintiff, the evidence is reviewed and held sufficient to take the case to the jury.

**Negligence:** SCOPE OF CROSS-EXAMINATION OF HOSTILE WITNESS: DIRECTION OF VERDICT.    Where the plaintiff confined the direct examination of the driver of the express wagon with which her carriage collided causing her injury to the identification of the wagon, the cross-examination of the witness, manifestly hostile to the plaintiff, should have been confined to that issue; and it was erroneous to direct a verdict for defendant, basing the ruling on the witness's cross-examination as to the merits of the case on the question of negligence; and especially as there was a conflict between plaintiff's evidence and that of the driver on the question of negligence she was entitled to have it submitted to the jury.

**Collision of vehicles:** IDENTIFICATION.    Proof that one of defendant's drivers was present at the place of accident in charge of one of its wagons, and that there was no other such wagon at the place, was sufficient identification of the wagon.

*Appeal from Polk District Court.*—HON. W. H. MCHENRY, Judge.

MONDAY, NOVEMBER 23, 1908.

ACTION for damages for alleged personal injuries resulting from collision with one of defendant's express wagons.    Judgment for the defendant on a directed verdict.    Plaintiff appeals.—*Reversed.*

*Gillespie & Bannister,* for appellant.

*Read & Read,* for appellee.

EVANS, J.—The evidence offered on behalf of plaintiff tends to prove the following facts: That on the 10th of May, 1906, she and her daughter, Mrs. McNeal, were

1. NEGLIGENCE: collision of vehicles: evidence.

driving in a single buggy eastward on Walnut Street in Des Moines. At a point between First and Second Streets they were overtaken by an express wagon, which was driving rapidly, and which drove into and collided with the plaintiff's buggy by running its wheel between the front and hind wheel of plaintiff's buggy, and pushing it against a dray wagon then driving on the right-hand side of plaintiff's buggy. The collision with the dray wagon broke the right front wheel of plaintiff's buggy. As a result plaintiff was thrown out and severely injured. Both the plaintiff and her daughter testified unequivocally to the foregoing matters. They also testified that the express wagon in question was a Wells Fargo express wagon. On cross-examination, however, the plaintiff admitted that she did not see the wagon, but made the statement from information received. Likewise Mrs. McNeal admitted on cross-examination that she did not personally identify the express wagon as a Wells Fargo express. She contended, in substance, that she believed it to be such, and that she called up the Wells Fargo office by telephone, and was informed over the telephone from such office that the wagon in question was one of their wagons, and that they had sent a physician to attend to the plaintiff. She was not able, however, to identify the person who made such communication. Thereupon the plaintiff called to the witness stand W. P. Murphy, who was examined by the plaintiff solely upon the question of the identity or ownership of the express wagon. His evidence in chief is as follows: "I was driving a wagon for the Wells Fargo Express Company on May 10, 1906. My wagon was between

First and Second Streets on Walnut at the time this plaintiff, Mrs. Collins, was thrown from a carriage. Q. Was your wagon at the place of the accident? A. Yes, sir. Q. Were there any other express wagons there? A. No, sir." Over the repeated objections of the plaintiff the court permitted the defendant to extend its cross-examination beyond the question of identity or ownership, and permitted the witness to give his version of the accident, which was in contradiction of that of the plaintiff in some material respects. The substance of the contention of this witness, as disclosed by the cross-examination, was that he did not drive against the plaintiff's buggy, but that she drove her buggy against his wagon; and that at the time of the accident, he was not behind her, but that she was a "little back" of him. The following is a part of his testimony on cross-examination: "Q. Now, was the plaintiff's buggy ahead of you at that point? A. No, sir. Q. Where was plaintiff's buggy at the time of the accident? A. The plaintiff's buggy was just a little back of me. I noticed the horse over my left shoulder when it struck, and when I turned around, it was behind the lumberman's wagon. I did not notice the plaintiff's buggy until it came in between us." Upon the testimony of these three witnesses and that of the physician the plaintiff rested her case. The trial judge, upon defendant's motion, directed a verdict for the defendant, and gave the following reasons therefor:

The Court: The plaintiff's theory in this case is that the defendant's wagon came behind her, and struck her by negligent driving; struck the carriage in which she was riding; threw her against another wagon; pitched the plaintiff out; and caused her injury. The plaintiff offers no evidence whatever to show the defendant's wagon was behind there at all, except the testimony of the driver, Murphy, who was just on the stand, who said the wagon was in front of her. The wagon the plaintiff complains of is described as an express wagon, which came behind, and

the right front wheel ran between her wheel and the buggy box.   There is no evidence any such wagon as that was over there that belonged to the defendant company. The only evidence where the defendant's wagon was is that it was in front of the plaintiff, and she makes no complaint of any wagon in front of her causing any accident. There is an entire absence of testimony to show that the defendant's wagon struck the plaintiff from behind.   Motion sustained and excepted to.

In this ruling tne court erred.   The testimony of the plaintiff and her daughter was abundant to entitle her to go to the jury, except upon the question of the identification of the express wagon.   Whether the information received by Mrs. McNeal over the telephone from the office of the defendant was sufficient to entitle the plaintiff to go to the jury on that question we need not now determine. Such testimony was not necessarily incompetent.

It was the right of the plaintiff to put Murphy, the supposed driver of the express wagon, upon the witness stand and to prove by him, if she could, that the express wagon in question was a Wells Fargo express wagon, and that he was the driver of it.   She did prove by him that very fact. The court permitted a latitude of cross-examination of this witness that was not warranted by the rule in such cases.   Where a witness is manifestly hostile, and his interests are adverse to the party calling him, it is the right of such party to have the cross-examination of such witness confined to the subject inquired about in the examination in chief.   In this case the court permitted the cross-examination of the witness to go into the merits of the case on the question of negligence. That error, however, would not, of itself, entitle the plaintiff to complain, if on the whole case a verdict was rightly directed against her by the court.   But in directing the verdict, the court based its ruling upon the cross-examina-

*2. NEGLIGENCE: scope of cross-examination of hostile witness: direction of verdict.*

tion of this witness, and upon that part of it which contradicted the testimony of the plaintiff and her daughter. Even if the plaintiff had made Murphy her witness on that very question, she would not be bound by his contradictions of her own testimony, but would be entitled to go to the jury on the dispute.. Because the plaintiff and her daughter testified that the express wagon came up from "behind," and because Murphy testified that "at the point" of the accident plaintiff's buggy was not ahead of him, but "was just a little back" of him, the trial judge seems to have been of the opinion that there was a failure to identify the defendant's express wagon as being the one which came up from behind. But this is only saying that the plaintiff and her daughter differed from the witness Murphy in their version of the details of the accident.

The identification of Murphy as the driver of the express wagon which was involved in the accident is complete. That he was driving one of defendant's wagons, and that there was no other express wagon at the place, is undisputed. The circumstances and method of the accident were clearly questions for the jury. Defendant's motion to direct a verdict should have been overruled. The judgment below must therefore be reversed, and the case remanded for a new trial.—*Reversed.*

3. COLLISION OF VEHICLES: indentification.