IDA GRAY HOLDERMAN, Administratrix of the Estate of GARDNER L. GRAY, Deceased, Appellant, v. P. K. WITMER, Appellee.

**Evidence:** SCOPE OF CROSS-EXAMINATION OF ADVERSE WITNESS: WHEN NOT BINDING. Where a party calls an adverse witness he may confine his direct examination to specific subjects, and is entitled to have the cross-examination confined to the same subjects. But even though the cross-examination exceeded its proper scope that fact alone would not be ground for reversal; as the court might permit it to stand as the evidence of the other party by making the witness his own for that purpose. The evidence, however, thus improperly

elicited on cross-examination is not conclusive against the party calling the witness.

**Automobile accident:** NEGLIGENCE: EVIDENCE. It is the duty of one driving an automobile along a city street and over a crossing frequented by pedestrians to look and to see persons in plain view, unless some reasonable explanation is offered for failure to do so. In the instant case the driver's excuse that he did not see decedent until the moment he was struck upon the crossing and in plain view, was not sufficient to overcome all the other circumstances tending to show negligence, and to take the case from the jury.

**Same:** CONTRIBUTORY NEGLIGENCE. On the question of contributory negligence of deceased the evidence is held to take that issue to the jury.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

MONDAY, JUNE 22, 1914.

ACTION by an administratrix for damages for the death of the decedent, caused as alleged by the negligent conduct of defendant's employee, whereby he drove defendant's automobile into collision with the decedent. At the close of the plaintiff's evidence the trial court directed a verdict for the defendant. From such order, the plaintiff has appealed.—*Reversed.*

*H. H. Sawyer,* for appellant.

*Parker, Parrish & Miller,* for appellee.

EVANS, J.—The defendant was the owner of an automobile involved in an accident which caused the death of plaintiff's decedent. The driver of the automobile was one Larson, who was employed by the defendant as a chauffeur, and who was at the time driving the automobile in the service of his employer.

The accident occurred at a sidewalk crossing in Des

Moines. It occurred in daylight at about 4 p. m., November 23d. The place was at the south side of Locust street at the regular sidewalk crossing, across Fifth street. These two streets intersect at right angles; Locust street running east and west, and Fifth street north and south. The decedent, Gardner L. Gray, was proceeding east along the south side of Locust street and across Fifth street. Just prior to the accident Larson also was proceeding east upon Locust street with the automobile. When he reached Fifth street he proceeded to turn south along such street. It was at this point that the automobile came in collision with Gray. Gray was thrown to the street to the left of the vehicle and received injuries from which he died within an hour.

Upon the record before us, three questions are presented for our consideration: (1) Did the trial court allow an improper latitude of cross-examination of the witness Larson? (2) Was there sufficient evidence tending to show the negligence of Larson to require submission of the question to the jury? (3) Was the decedent guilty of contributory negligence?

I. The plaintiff called the driver, Larson, as a witness. By the direct examination of this witness the plaintiff showed that the witness was the driver of the automobile in question at the time of the accident, and that he was at such time in the service of the defendant. The witness also described the automobile as it was on that day and certain of its appurtenances, such as curtains and wind-shield. On cross-examination the defendant cross-examined the witness as to all the details of the accident, and in effect made its defense by such cross-examination. This cross-examination was permitted by the court over the frequent objections of the plaintiff that it was not proper cross-examination. Error is now assigned upon the ruling of the court permitting the same.

1. EVIDENCE: scope of cross-examination of adverse witness: when not binding.

The interest of the witness was adverse to the plaintiff; he being the party who was charged with the wrongful act.

The plaintiff was clearly entitled to confine his direct examination to specific subjects, and was equally entitled to have the cross-examination strictly confined to the same subject. *Collins v. Wells Fargo Express Co.*, 140 Iowa, 304.

The line of cross-examination adopted went clearly beyond this rule. This error of itself, however, would not justify reversal of the case. Even though the cross-examination were improper at the time as such, it was within the discretion of the trial court to permit it to stand as testimony on behalf of the defendant, and to permit the defendant to make the witness his own for that purpose. This course, however, was not pursued, and the trial judge was finally misled by this cross-examination, in that he treated it as the evidence of plaintiff, and as conclusive upon her. The evidence thus given, though on improper cross-examination, must nevertheless be regarded as a part of the record for the purpose of this appeal. But it cannot be regarded as conclusive against the plaintiff. In any event, therefore, we can only come to the decisive question by consideration of the entire evidence in the record, and we need give no further attention to the propriety of the cross-examination.

II. Was the evidence sufficient to go to the jury on the question of the negligence of Larson? As to the circumstances immediately preceding the accident, the evidence is almost wholly circumstantial. Several witnesses saw

2. AUTOMOBILE ACCIDENT: negligence: evidence.

the accident at the very moment of its occurrence, but observed nothing of the preceding circumstances leading up to it. The plaintiff is, of course, entitled to have the evidence considered in the light most favorable to her. The evidence was direct that Gray was crossing Fifth street at the regular crossing; that he had reached the east rail of the street car track when he was struck; that he was struck by the left lamp or fender of the automobile and upon his left hip; that he was thrown upon, and partly carried by, the fender, from which he fell to the pavement; that the automobile was running diagonally south-

east at the time of the collision. No witness saw Gray when he first entered upon the crossing. The circumstances shown would warrant a finding that when he entered upon such crossing the automobile was on Locust street, still going east, and was behind him. It had been going very slowly behind a delivery wagon. It quickened its pace just before turning into Fifth street. Larson testified that it was going five or six miles an hour at the time of the collision. It was therefore moving faster than the ordinary pace of a pedestrian. A jury would be warranted in finding from the evidence in the record that Gray was halfway across the street at the time of the collision, and that the automobile overtook him from the rear. Gray was in plain view of the driver. The only explanation made by the driver upon his cross-examination was that he did not in fact see him until the moment he struck him. Whether the jury could accept this explanation as a sufficient excuse to meet the charge of negligence, we need not determine. It is very clear that such explanation could not be held, as a matter of law, to nullify every other fact and circumstance in the record tending to show negligence, and to deprive the plaintiff of the right to submit the question of negligence to the jury. In attempting to pass over a crossing which was necessarily frequented by pedestrians, Larson was confronted with the duty to look. The duty to look implied the duty to see what was in plain view, unless some reasonable explanation is presented for a failure to see. The reasonableness of such an explanation is clearly a question for the jury. The fact that the automobile was not going fast is not a controlling fact.

We are united in the opinion that the distinguished trial judge erred in his view of the effect of Larson's evidence at this point, and that the evidence was sufficient to go to the jury on the question of Larson's negligence.

III. It is urged by the appellee that the plaintiff failed to prove want of contributory negligence. This question was

not considered by the trial court.    If the point were well taken, however, it would furnish a sufficient reason for refusing a new trial and affirming the case.    We are satisfied, however, that the point is not well taken.    The circumstances which have already been referred to are quite sufficient to go to the jury on that question.    The fact that Gray was halfway over the street before the collision is a circumstance against the theory of contributory negligence.    From that point on he was presumably in more danger of vehicles coming from the south. The fact that the automobile came from behind, that it was turning in from Locust street, that it was widening the zone of danger by moving diagonally southeast, are all circumstances favorable to the decedent on the question of contributory negligence.    It is sufficient to say briefly that, the evidence being sufficient to go to the jury on the question of Larson's negligence, and no conclusive contributory negligence being disclosed, the case was clearly for the jury.    The order directing a verdict for defendant must therefore be reversed, and a new trial awarded.—*Reversed* and *Remanded*.

*3. SAME: contributory negligence.*

LADD, C. J., and WEAVER and PRESTON, JJ., concur.