HENRY PETTERMANN, Appellee, v. THE CITY OF BURLINGTON, Appellant.

**NEGLIGENCE:** Defective Sidewalk—Knowledge—Contributory Neg-
1 ligence.  Mere knowledge of the existence of a defect in a sidewalk, followed by an attempt to pass thereover, does not charge one with contributory negligence *per se.*  The material inquiry is:  Did the injured person know it was *imprudent* to attempt to pass over the defect or did he believe he could pass in safety? If the former, recovery is denied.  If the latter, the question of contributory negligence is for the jury.

**TRIAL:**   Motion for Directed Verdict—Error in Ruling—Waiver.
2 Error, if any, in overruling a motion for directed verdict made before the close of all the evidence is waived when such motion is not renewed at the close of all the evidence.

**MUNICIPAL CORPORATIONS:**  Defect in Sidewalk—Notice of—
3 Evidence—Form of Question.  In an action for personal injury by reason of a sidewalk being out of repair, a question, ''How long would you say generally the sidewalk had been out of repair?'' was held to clearly call for the condition of the walk *at the place* where plaintiff was injured and as not being objectionable as calling for the condition at other or remote points.

**TRIAL:**  Arguments Based  on  Complainant's  Evidence—Objec-
4 tion Precluded.  A party cannot well complain of an argument based on evidence brought out by the complaining party himself on cross-examination or permitted to remain in the record without objection.

**DAMAGES:**  Future or Continuing Injury—Right to Recover—In-
5 struction Not Authorizing.  Instruction reviewed and held not to authorize recovery for future or continuing injury.

**APPEAL AND ERROR:**  Instructions—Failure to Object Before
6 Reading—Waiver.  Failure to interpose an objection to an in-

struction before the same is read to the jury works a waiver of the right to object.

*Appeal from Des Moines District Court.*—HON. OSCAR HALE, Judge.

SATURDAY, JUNE 19, 1915.

ACTION to recover for personal injuries. There was a trial to a jury and a verdict and judgment for plaintiff for $500.00. Defendant appeals.—*Affirmed.*

*Ben P. Poor,* for appellant.

*S. K. Tracy* and *Frank Thompson,* for appellee.

PRESTON, J.—1. Plaintiff in his petition and amendment thereto states that defendant negligently and carelessly permitted and allowed water to collect and run across and stand upon a part of a wooden sidewalk on a public street in the city; that plaintiff, while walking over said walk, using ordinary care, without contributory negligence on his part, fell on such walk at such place by reason of stepping on a ridge or hump of ice formed across the walk, caused by water clogging and freezing at such place, thereby creating such ridge, and so negligently permitted by defendant to exist for many days prior to such injury; that by reason of such defect and danger in such walk, plaintiff was made to fall with great force, and he thereby received severe and permanent injuries to his head and brain, and that all of such injuries still continue and will remain permanent for years.

As appellant states it, the principal issues thus presented were: (1) Did the conditions complained of in fact exist? (2) Did the city have knowledge, actual or constructive, of their existence? (3) Was the plaintiff free from negligence contributing to his injury? (4) Was plaintiff hurt as alleged, and what was the extent of his injury, if any? As to all these questions we think the evidence is such that

it was a question for the jury, though as to some of them there is a conflict in the testimony.

As to the first proposition, plaintiff testified that the water from the roof of a house fronting on the street ran right across the sidewalk. "I fell at this spot, which was rough and lumpy. I fell because of the lumpy condition of the ice."

As to the second, there is testimony that the condition of the walk at this point had been the same for three or four weeks. Though plaintiff testified that he had passed over the

1. NEGLIGENCE: defective sidewalk: knowledge: contributory negligence.

place, he says he thought he could get across with safety by exercising care. It was after night, and he says he was not very well acquainted with the spot. In *Cook v. Town of Hedrick,* 135 Iowa 23, and other like cases, it has been held that, although a walk is defective, a traveler has a right to pass over the same; and if he does so, it is generally a question for the jury to determine whether or not in so doing he was in the exercise of due care. Without going into the evidence in further detail, we think the question as to whether plaintiff was guilty of contributory negligence was for the jury, as was also the question as to whether plaintiff was hurt, as alleged, and the extent of his injury. Some of these questions are argued, but not included in the assignments of error.

2. The first assignment is that the court erred in overruling defendant's motion for a directed verdict. This motion was filed at the close of plaintiff's testimony. The motion

2. TRIAL: motion for directed verdict: error in ruling: waiver.

was overruled, and the defendant did not stand on the ruling, but proceeded to introduce its testimony. The motion was not renewed at the close of all the evidence. The holdings have been that under such circumstances defendant cannot complain of the ruling. *Finname v. City of Perry,* 164 Iowa 171; *Hanson v. Kline,* 136 Iowa 101.

3. The next assignment is that the court erred in permitting plaintiff to testify, over objection, that the side-

walk had been out of repair generally for months before

**3. MUNICIPAL CORPORATIONS: defects in sidewalk: notice of: evidence: form of question.** he was hurt. The thought is that this permitted the witness to testify that the walk along there was out of repair generally. But we think the question is not susceptible of such a construction. The question was, "How long would you say generally the sidewalk had been out of repair?" It is clear that the purport of the question was not to inquire as to the general condition of the walk, but how long, in a general way, it had been out of repair at the place where plaintiff was hurt, and to show constructive notice to the city.

**4. TRIAL: argument based on complainant's evidence: objection precluded.** 4. The third assignment is that the court erred in overruling defendant's objection to the argument to the jury of plaintiff's attorney. In the closing argument, Mr. Tracy stated:

"Was it muddy in the street that night? Their witness, Mrs. Andrews, says it was a moist, misty night, sleeting. Didn't that make mud?"

The objection was that the court admitted the testimony for the purpose of showing and testing the recollection and memory of the witness, and not for the purpose of showing the conditions as they existed. Mrs. Andrews was a witness for the defendant. As to this witness, it is clear from the record that the evidence was properly admitted for the purpose of testing her recollection as an aid in fixing the date. The record shows:

Q. "How do you fix the time April 11th?" A. "I marked it down, and here it is (exhibiting paper)." Q. "What kind of a day was it on the day—on the evening he got hurt, was it cold or warm?" A. "It had sleeted in the morning." Q. "What kind of a day was it, cold or warm?" A. "Well, it wasn't severe cold; it was just medium." Q. "It was sleeting and wet?" A. "Yes, sir, that morning."

At this point, counsel for defendant objected as not cross-examination, but there was no motion to exclude the testimony. The objection was not timely. The court did say that it was admitted for the purpose of testing her recollection. But, aside from this, earlier in the trial, when the plaintiff, who was the first witness called, was on the stand, he testified, on cross-examination by counsel for defendant:

"It was misty and rainy all day and towards evening froze up." Q. "Misting rain all day on January 10th?" A. "Yes, sir."

So that the testimony on this point was drawn out by the defendant, and the evidence of Mrs. Andrews went in without objection. We are unable to see how there could be any prejudice to the defendant because of the circumstances just referred to.

5. The next assignment is that, in view of the wording of paragraph 3 of instruction 1, the court erred in giving instruction 15 to the jury. By instruction 1, the court simply stated the substance of the issues, that is, plaintiff's claim; that plaintiff states that all of such injuries will still continue and will be permanent or remain for years and that his ability to work and earn money has been greatly and permanently impaired. Instruction 15 follows:

5. DAMAGES: future or continuing injury: right to recover: instruction not authorizing.

## XV.

"If you find the plaintiff entitled to recover, he should be allowed fair and reasonable compensation for his injuries, if any. In estimating his damage, no precise rule can be given for the amount to be allowed as they are not in their nature susceptible of exact money valuation. You are to use your own sense and judgment and be guided by the evidence in allowing him such sum as will reasonably compensate him. In making up this amount, if you find for the plaintiff, you

should consider the ability of the plaintiff to earn wages and
perform labor prior to the alleged injury, as shown by the
evidence, and also his ability to earn wages and perform labor
since receiving the alleged injury, and award the reasonable
value of the time lost because of the injury, and a fair com-
pensation for the bodily pain and suffering caused by the
said injury, if any.''

The objection now made to the instruction is, as counsel
for appellant state it, ''The court erred in giving instruction
15 because there was no evidence of future injury to the
plaintiff, and it does not exclude the allowing of damages for
future injury; that it is error to submit to the jury a claim
or issue when there is no evidence to support it.'' Defendant
did not ask an instruction on this subject. We do not think
the instruction authorizes a recovery for future damages. As
to the objection that the instruction does not exclude the
allowing of damages for future injury, it is sufficient to say
that that question is not included in defend-
ant's exceptions to the instructions before
they were read to the jury. As to the other
point, we think there is evidence as to future
damages; that claim was made in the peti-
tion, and the court would have been justified in allowing a
recovery therefor.

6. APPEAL AND
   ERROR: in-
   structions:
   failure to ob-
   ject before
   reading
   waiver.

The plaintiff was injured in January, 1913, and the trial
took place in December, 1913. Some of the evidence bearing
on the extent of his injury will be referred to briefly. Plain-
tiff testified:

''I couldn't rest a minute and the pain continued over
months. At night I can't sleep with my back of my head.
I have pain in my head here so and have had since, and this
pain in my shoulder still continues and swells up every night
that I work, and I can't earn as much money as I did. My
business was making mortar, carrying mortar and one thing

and another. I couldn't make a full hand, never since. I tried pretty hard; I couldn't do it."

Plaintiff's wife gave similar testimony, and there is some testimony tending to contradict this evidence. It appears then from the testimony, and the jury could have so found, that for nearly a year after plaintiff's injury, and up to the trial, he still suffered pain and sleeplessness from his injury, and this would justify the conclusion that it would exist in the future, at least for some time; so that, had the instruction authorized future damages, there would be support in the testimony. *Evans v. Elwood*, 123 Iowa 92, 96; *Cotant v. Boone Suburban*, 125 Iowa 46, 53. But as before stated, we think the instruction does not authorize recovery for future damages. The instruction is, therefore, more favorable to the defendant than it was entitled.

The fifth and last assignment is that the court erred in overruling defendant's motion for new trial, and erred in overruling each and every ground of said motion. This is somewhat general, but it includes points in regard to the question of plaintiff's contributory negligence and the extent of his injury and like questions which have been before noticed.

We discover no error in the record, and the judgment is, therefore,—*Affirmed.*

DEEMER, C. J., EVANS and WEAVER, JJ., concur.