RAYMOND P. ADRIAN, Appellee, v. WALTER R. YOUNG, Appellant.

No. 47318.

(Reported in 35 N. W. 2d 575)

40

JANUARY 11, 1949.

Jones & White, of Ottumwa, for appellant.

Donald Harris, of Bloomfield, and Bailey C. Webber, of Ottumwa, for appellee.

OLIVER, J.—Defendant's agent and employee Goodwin, accompanied by Mrs. Goodwin, was driving defendant's truck, loaded with freight, south on Highway 63, which has a paved slab eighteen feet wide. Several miles north of Bloomfield a tire went flat. Goodwin stopped the truck on the pavement, dismounted, saw the tire on the rear right outside dual wheel was deflated, drove the truck about three hundred feet ahead and parked it about ten or twelve feet to the right of the pavement in an open driveway in front of a farmhouse. The truck did not carry an extra tire. Several hours later defendant delivered a tire to Goodwin at that place. Goodwin then attempted to change the tire but was unable to do so because "the jack went down in the mud." He then drove the truck back upon the pavement, parked it on the right-hand lane, facing south, changed the tire, and was in the act of removing the jack when plaintiff's southbound automobile struck the rear of the truck.

The accident occurred about one a. m. of June 10, 1943. There were mist and patches of fog in the atmosphere. The petition alleged the cause of the collision was the failure to set out a lighted fusee and flares, and to display a rear red light.

I. Mr. Goodwin was the first witness for defendant. He detailed fully the circumstances and occurrences which we have

merely outlined. He testified that before driving the truck upon the pavement from the farmhouse driveway he placed three lighted flares upon the pavement, one several hundred feet to the rear, one several hundred feet in advance of the truck, and one at the east (traffic) side of the truck on the black line marking the center of the pavement.

The direct testimony of Mrs. Goodwin, although less detailed, covered substantially the same ground as that of her husband. Each testified the truck stopped three times, (1) on the pavement, temporarily, while Mr. Goodwin "checked the tires to see which one went down" (2) on the driveway in front of the farmhouse for several hours, and (3) on the pavement at the place of the accident (the estimates vary from ten to twenty minutes). Upon cross-examination Mrs. Goodwin testified that when the tire went flat her husband stopped the truck "on the pavement, got out and looked and pulled over on the shoulder." She was then asked, "He didn't throw out a lighted fusee on the pavement when he stopped the first time?" This was "objected to as immaterial at that time." The objection was overruled and the witness answered "no." Defendant assigns error to this ruling, for that the question concerned the conduct of the driver at the first stop which was at another place and several hours prior to the accident.

Considerable discretion is vested in the trial court as to the extent to which cross-examination may be carried. Colburn v. Krabill, 232 Iowa 290, 293, 3 N. W. 2d 154; Schultz v. Starr, 180 Iowa 1319, 1327, 164 N. W. 163; State v. Wheelock, 218 Iowa 178, 183, 254 N. W. 313; Parker v. Des Moines City Ry. Co., 153 Iowa 254, 262, 133 N. W. 373, Ann. Cas. 1913E 174.

In Wiar v. Wabash Railroad Co., 162 Iowa 702, 707, 144 N. W. 703, in which a witness testified whistles were sounded by an engine as a train approached a certain town, cross-examination as to like signals made by the engine at other places was held proper to test the observation and recollection of the witness. See also Pettermann v. City of Burlington, 170 Iowa 555, 558, 153 N. W. 154; 70 C. J., Witnesses, section 1024.

We agree with defendant the conduct of Mr. Goodwin at

the first stop had no material bearing on the question whether he was negligent at the third stop. However, Mrs. Goodwin had been examined in chief about the doings of her husband at this very brief first stop. The cross question about a fusee related to matters brought out upon her direct examination and merely called for an additional detail connected therewith. It may be inferred the trial court deemed the question proper to test the memory and recollection of the witness. Defendant already had shown by Mr. Goodwin that he did not put out any flares at that time. Under the circumstances we are not prepared to hold the overruling of the objection was an abuse of discretion.

II. A statute in effect at the time in question, now section 321.448, Code of Iowa, 1946, provides in part:

"Display of flares. Whenever a motor truck * * * is stopped upon or immediately adjacent to the main traveled portion of a highway outside of a business or residence district, during the times when lighted lamps must be displayed, then the driver * * * shall * * * cause a lighted fusee to be immediately placed on the roadway at the traffic side of such vehicle; as soon thereafter as possible, and in any case within the burning period of the fusee, three lighted flares shall be placed on the roadway, one at a distance of not less than one hundred feet in advance of such vehicle, one at a distance of not less than one hundred feet to the rear of such vehicle, and the third upon the traffic side of such vehicle * * *."

.The instructions submitted to the jury four grounds of negligence charged in the petition:

(1) "In failing to place a lighted fusee on the roadway on the traffic side of said truck in the manner required by" *said section.*

(2) "In failing to have any lighted flares on the roadway in the manner required by said section."

Grounds (3) and (4) are not here material.

Section 321.448 was set out in substance in instruction 9.

Defendant assigns error to the submission of ground of negligence No. (1). The objection in the trial court was:

"* * * for the reason that under the statutes of Iowa fusees are contemplated only as stop-gap warnings until such time as flares are placed out, and that submitting the matter of fusees would mislead the jury to the prejudice of the defendant, and they might find the failure to put out fusees would in itself be negligence * * * when in truth and in fact the putting out of flares, at least according to defendant's version, takes the place of fusees."

Defendant points out that section 321.448 is applicable "whenever a motor truck * * * is stopped upon or immediately adjacent to the main traveled portion of a highway * * *" and contends the truck was parked "immediately adjacent" thereto during the several hours it stood in the driveway in front of the farmhouse. It is argued the time for causing "a lighted fusee to be immediately placed on the roadway" had expired before the truck made stop number three on the pavement and that the fusee provision was not applicable thereto. We do not believe the evidence established conclusively and as a matter of law that at stop number two in the driveway the truck was parked "immediately adjacent to the main portion of the highway." Moreover, we think it clear that, within the contemplation of the statute here involved, stop number two in the farmhouse driveway ten or twelve feet from the paved portion of the highway was not the same as nor a part of stop number three on the pavement. The two separate stops may not be tacked together for the purpose of attempting to establish a limitation on the requirements of the statute.

Nor do we agree that the failure to set out a fusee or flares at the second stop of the truck would, in any event, immunize defendant from liability for failure to comply with the statute at stop number three. Defendant's argument that the duty to set out a lighted fusee at stop number three terminated while the truck was parked at stop number two is without merit. Furthermore, it is inconsistent with his complaint considered in Division I hereof that the question asked and answer

given by this witness on cross-examination concerning the placing of a fusee at stop number one were prejudicial to him.

■ Estimates of the Goodwins of the time the truck was parked on the pavement at stop number three vary from ten to twenty minutes. The record does not show "the burning period of the fusee." (In Hayungs v. Falk, 238 Iowa 285, 291, 27 N. W. 2d 15, there was evidence the fusees would burn approximately fifteen minutes.) The evidence does not establish, as a matter of law, that had a fusee been "immediately placed" it would have burned out before the accident. Nor are we willing to hold that where proper flares are not displayed the statutory requirement for the placing of a lighted fusee terminates with the burning period of a fusee.

Defendant's argument is based largely upon the premise Goodwin did place flares. Plaintiff testified, "There was no lights on the truck to see, much less flares, fusees, anything of the kind." The testimony of disinterested witnesses tended to corroborate plaintiff's version and the jury must have found it true. Defendant suggests the verdict may have been based upon a finding there were lighted flares but no fusee. Such finding was not practically possible. Nor could the verdict properly have been based thereon in view of instruction 4 which requires that plaintiff show the negligence specified was the proximate cause of the collision.

Under the record the submission to the jury of the failure to place a fusee, as a ground of negligence, was not error.— Affirmed.

BLISS, HALE, GARFIELD, WENNERSTRUM, SMITH, and HAYS, JJ., concur.

MANTZ, C. J., and MULRONEY, J., concur in result.