FREDA B. HOPE, appellee, v. TED McGREVEY, INC., appellant.

No. 47703.

(Reported in 44 N.W.2d 369)

OCTOBER 17, 1950.

John Connolly III and George E. O'Malley, both of Des Moines, for appellant.

Leo J. Lucier and Frank B. Hallagan, both of Des Moines, for appellee.

WENNERSTRUM, J.—Plaintiff seeks recovery of claimed damages for personal injuries received by her as a result of a collision between two automobiles. She was a passenger in an automobile involved in an accident with a car owned by the defendant but operated by one who had rented it. A jury returned a verdict in favor of the plaintiff. A new trial was denied defendant. It has appealed.

1024

The appellee, about 8:30 p.m. on May 29, 1948, was riding as a passenger in an automobile owned and operated by R. E. McCain. His car was traveling west on Highway No. 6 at an approximate speed of fifty miles per hour immediately prior to the accident and was near the small town of Ortonville, which is between Waukee and Adel. Mr. McCain observed a slower moving vehicle proceeding west in front of his car when about a thousand feet distant from it. This slower moving vehicle was the car owned by appellant. The car in which appellee was riding endeavored to pass the appellant's car which was traveling at a speed of approximately twenty-five to thirty miles per hour. The driver of appellant's car testified that he turned the car to the left in order to drive into a graveled lane, thereby making it possible to change its course and to proceed in an easterly direction. He stated that as he turned to the left his car was traveling at a speed of ten miles per hour. The driver of the passing car, according to his testimony, sounded his horn and blinked his lights when he was about three hundred feet to the rear of appellant's car. This is denied by the other driver, who claims that he did not hear any sounding of a horn or observe any blinking of car lights. The wife of the driver of appellant's car also testified to this same effect. They both stated that, as the car in which they were riding turned to the left, they observed a rapidly moving car pass them on their right and to the rear. The driver of the appellant's car also testified that one hundred twenty-five feet before he made a turn to the left he gave a hand signal indicating that he was so turning. This is denied by the driver of the car in which the appellee was riding. As the result of appellant's car turning to the left and in front of the passing car in which the appellee was riding, an accident occurred and she was thrown out of the car and onto the pavement. She was seriously injured and was confined in a hospital for a period of time and thereafter prevented from continuing her employment for a further period of time as a saleslady in a Des Moines department store.

The driver of appellant's car, Richard M. Chaney, was not a party to the suit. He was called as a witness for the appellee and testified that he was, however, the driver of one of the cars involved in the accident and that after the collision of the cars

he observed a lady lying on the pavement. During the cross-examination of this witness by appellant's counsel the trial court sustained objections to certain questions asked on the ground that the questions were not proper cross-examination. Counsel for appellant then made an offer of testimony to the effect that Chaney had rolled the car window down, had extended his arm in a horizontal position indicating his intention to turn left, that the brakes of the car he was driving were functioning properly, and that a car passed to the right and rear of his car immediately prior to the time of the collision with the car driven by McCain. He also offered testimony that Chaney heard no horn or warning from the McCain car and observed no changing of the light beam. Objection to this proffered testimony was sustained. The appellant claims error on the part of the trial court in limiting the cross-examination. The offered testimony was brought out later when Chaney was called as a witness for the appellant.

■ ■  I.  The scope and extent of cross-examination is largely within the trial court's discretion. Colburn v. Krabill, 232 Iowa 290, 293, 3 N.W.2d 154, 156; Connelly v. Nolte, 237 Iowa 114, 129, 21 N.W.2d 311, 318; Adrian v. Young, 240 Iowa 39, 41, 35 N.W.2d 575, 576. However, it has been the holding of this court that the extent of the cross-examination should be confined to matters about which the witness has been examined during direct examination or to matters that are connected directly or indirectly therewith. Uhlenhopp v. Steege, 233 Iowa 368, 372, 7 N.W.2d 195, 197. In the instant case the witness was not asked on direct examination what he did to prevent the accident or relative to his observations of the car or cars to his rear. All these facts were sought to be brought out during cross-examination and by the offer of testimony. The statement made in Holderman, Admrx. v. Witmer, 166 Iowa 406, 408, 409, 147 N.W. 926, 927, where the driver of the defendant's car was called as a witness for the plaintiff, is here applicable. We therein stated:

"The interest of the witness was adverse to the plaintiff; he being the party who was charged with the wrongful act. The plaintiff was clearly entitled to confine his direct examination to

specific subjects, and was equally entitled to have the cross-examination strictly confined to the same subject. Collins v. Wells Fargo Express Co., 140 Iowa, 304."

We believe that the trial court was justified in limiting the cross-examination and did not abuse its discretion in so doing.

II. The second of the two grounds by which appellant seeks reversal is the claimed error of the trial court in giving one of its instructions. It is the contention of the appellant that the court instructed upon an issue not pleaded by the appellee.

In her original petition it is claimed that the driver of the appellant's car was negligent in the following particulars: (1) in not giving a signal to plaintiff before turning to the left, (2) in failing to keep a proper lookout and see plaintiff's car, (3) in operating and driving said car when the view to the rear was obstructed. In an amendment to the petition further grounds of negligence were alleged, namely: (4) in driving and operating said automobile on the left-hand side of the center or black line at the time and place of the accident, (5) in failing to yield one half of the traveled portion of the highway immediately prior and at the time of the said accident, and (6) in failing to have his car under control at the time and place of the accident.

It is appellant's contention that the trial court committed error in stating in one of its instructions that one of the grounds of negligence was "* * * that the driver of the defendant's car changed the course of said automobile, *without first giving a signal as provided by law.*" It is asserted that a further error was committed in that the court stated, in part, "* * * no person shall turn a vehicle from a direct course upon *a highway until such movement can be made with reasonable safety and then only after giving a signal continuously of his intention, during not less than the last one hundred feet traveled by the vehicle before turning.*" The appellant claims that the italicized portion previously quoted sets out an issue not pleaded by the appellee.

The following Code sections which the trial court undoubtedly had in mind are as follows:

Section 321.314, 1950 Code, "When signal required. No person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement or after giving an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement."

Section 321.315, 1950 Code, "Signal continuous. A signal of intention to turn right or left shall be given continuously during not less than the last one hundred feet traveled by the vehicle before turning."

Under all the circumstances we believe that the court properly made reference to the applicable statutes. It is true that the grounds of negligence set out in the appellee's petition do not make particular reference to the question of the violation of the statute. However, we feel the first two pleaded charges of negligence heretofore set out justify the giving of the instruction of which complaint is made. The cases called to our attention by the appellant are not applicable under the circumstances.

We therefore affirm.—Affirmed.

All JUSTICES concur.