GARLICK v. THE CITY OF PELLA.

1. **Practice:** AMENDMENT OF PLEADING: CONTINUANCE. The filing of an amendment to the petition during a term of court will not entitle the defendant to a continuance unless the new matter pleaded is such as to constitute reasonable ground for surprise.

2. **Evidence:** INSTRUCTIONS: MUNICIPAL CORPORATIONS. Rulings upon the admission and exclusion of evidence, and instructions, in an action against a city to recover for personal injuries sustained by reason of a defective walk, considered and approved.

*Appeal from Marion Circuit Court.*

THURSDAY, JUNE 10.

ACTION to recover damages for a personal injury alleged to have occurred by reason of a defective sidewalk. There was

a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

. *John F. Lacey*, for appellant.

*D. F. Miller & Sons* and *Stone & Ayres*, for appellee.

ROTHROCK, J.—I. The action was commenced in 1876, and was continued from term to term until November, 1878.

1. PRACTICE: amendment of pleading: continuance.

The original petition contained an averment that the plaintiff, as she was passing along. and upon a plank sidewalk, in said city, without fault or negligence on her part, stepped into a hole in said walk and injured the ankle of her right foot: and damages were claimed in the sum of $2,000. At the November Term, 1878, the plaintiff amended her petition by increasing her demand for damages to the sum of $5,000, and including therein a claim arising from medical treatment, in the sum of $200. She further amended her petition by withdrawing the allegation that the injury complained of was received in the ankle of the right foot, and averred that the injury was in the ankle of the left foot. Thereupon the defendant made a motion for a continuance of the cause, for the reason that the amendment set up a new cause of action, and claimed increased damages for matters not set forth in the original petition. An affidavit was filed in support of the motion for continuance by one of plaintiff's attorneys, which stated, in substance, and .in general terms, that the amendment was filed so late that defendant had not had time to meet the new issues presented thereby, and that defendant was taken by surprise by said amendment. The motion for continuance was overruled, and this ruling is made the basis of an assignment of error.

It may be true the defendant was taken by surprise by the amendment, as claimed in the affidavit. But the question for the court to determine was whether there was just cause for such surprise, and just ground for the claim that the defend-

ant was not prepared for trial because of the amendment to the petition. It is plain that no cause of complaint can exist so far as increasing the amount of the damages claimed is involved. Increasing the amount in no manner changed the nature of the demand so as to require other or different evidence in the defense of the action. It is equally plain that so far as the amendment pertained to a claim for medical attendance the defendant was not prejudiced, because the court instructed the jury that as the plaintiff was a married woman she could not recover for medical attendance. The amendment as to the description of the injury was not the substitution of another cause of action. The mere averment that the injury was received in the ankle of the left foot instead of the ankle of the right foot was in itself an immaterial amendment of the description of the injury which did not entitle the defendant to a continuance, at least without some specific showing that by the original averment the defendant had been misled in preparing the defense to the action. No such showing was made, and, we think, in overruling the motion there was no abuse in the exercise of the discretion which the law gives to the court in determining such questions.

II. Exceptions were taken to the rulings of the court upon the admission of evidence. H. J. Garlick, the husband of the plaintiff, was examined as a witness. Among other matters testified to by him on cross-examination he detailed the circumstances of an injury to the plaintiff's leg received by falling upon certain stairs. He stated that the hired girl got his breakfast for him on a certain morning when he left home, after the injury received by falling on the stairs. He was then asked who the hired girl was. Objection was made that the evidence sought to be elicited was not proper cross-examination. The objection was sustained. The ruling was correct. No reference was made in the examination-in-chief to the injury occasioned by falling on the stairs, and if there had been it seems to us to be wholly immaterial as to the

name of the servant who prepared breakfast for the witness at a particular time.

III. It was claimed on the trial by the defendant that the plaintiff was diseased in both of her legs prior to the injury, and that such disease and other injuries she received produced the diseased condition of her limbs with which she was suffering at the time of the trial. In the cross-examination of the plaintiff's husband he stated that he did not think he told plaintiff's attorneys that the injury complained of was in the right leg. He was then asked if he did not, at the instance of the plaintiff, carry a message to the counsel to the effect that the injury was to the right leg. The question was objected to·as repetition and incompetent, and the objection was sustained. He had first answered that he did not think he stated to the counsel that the injury was in the right leg, and this was enough. There was no necessity for repetition.

Other objections are made to rulings upon the admission and exclusion of evidence. Among them are objections to the manner of examining the physicians who were called as experts, and who examined the plaintiff's limbs in the presence of the jury. We cannot discuss these objections in detail. It is enough to say that upon a careful examination of them we find no departure from the usual, ordinary and·approved method of introducing expert testimony.

IV. It was conceded, upon the trial, that the place where the injury was alleged to have been received was within the corporate limits of Pella, and that the sidewalk was constructed by order of the corporate authority of the city. It was claimed by the plaintiff that the city negligently allowed the sidewalk to become rotten, and that a hole, caused by a decay of the plank in the walk, was allowed to remain open, into which she stepped and received the injury. No claim was made that the authorities of the city had actual notice of the condition of the walk, but it was insisted that it was so notorious and observable, before the accident, that the de-

fendant might reasonably have known of such defect in time to have repaired it before the accident.

The court instructed the jury fully, and, as we think, correctly, upon this theory, and distinctly stated that it was not claimed that the officers of the city had actual notice of the defect in question. Objection is made to the instructions, which objection we have examined. We find no error in them. We do not feel justified in setting them out at length in this opinion, and discussing the various objections to them. At the risk of a criticism for determining these questions in this general way we will say that the instructions present a clear, full, and fair statement of the law applicable to this class of cases, and that the questions involved are now so well settled that, if we were to enter upon an examination in detail of the instructions complained of, we would only be repeating what this court has time and again laid down as the law.

It is also urged that the court erred in refusing to give to the jury certain instructions asked by the defendant. It is enough to say of these that most of them are embodied in substance in the instructions given by the court on its own motion, and those not thus given were properly refused. One of the latter class we will notice. A witness for the plaintiff testified that he was a tax payer within the city. This evidence was objected to, and the defendant asked the court to instruct the jury that notice of the alleged defect in the walk to a tax payer of the city is not sufficient evidence of notice to charge the city with a knowledge of said defect. This instruction was rightly refused, because it was not claimed anywhere in the record that such notice was sufficient, nor that it was notice for any purpose. The court distinctly told the jury that the plaintiff did not claim actual notice, and that in order for the plaintiff to recover it must be shown that the defect was so open, obvious, and notorious, and existed for such a length of time, that the officers of the city (not

tax payers), by the exercise of reasonable diligence, would have discovered the defect.

V. The jury returned a verdict of $1,500. It is claimed that the verdict is excessive. That the plaintiff's left leg is very seriously, and, in all probability, permanently, injured, can admit of no question. There was evidence tending to show that she received other injuries, and that she was diseased in the parts affected. Whether her present condition is attributable to the injury received on the defective walk was, we think, fairly submitted to the jury, and that they were justified, from the evidence, in finding that the diseased condition of the left leg was caused by the injury she complains of, we have no doubt. Under these circumstances we are content to let the verdict stand.

AFFIRMED.