LYDIA ANN YEAGER, Appellee, v. THE INCORPORATED TOWN
OF SPIRIT LAKE, Appellant.

**Evidence:** DEFECTIVE SIDEWALKS. Where the evidence in an action
for injuries received from a defective sidewalk tends to show
that the entire sidewalk along a certain block was out of
repair at the time of the injury, it is not error to admit evi-
dence that another person was injured on the same sidewalk,
and served notice of injury on the town.

*Same.* Where the instructions in an action against a town for in-
juries received from a defective sidewalk eliminate all claims
for damages except for physical pain and suffering, and medi-
cal and nursing services, and medicine, the admission in evi-
dence of the number of plaintiff's family and that she had been
a weaver, is not reversible error.

*Same.* The plaintiff in an action against a town for injuries re-
ceived from a defective sidewalk may be asked whether she
thought, on attempting to pass over the walk, that she could
do so with safety, in view of her knowledge of its condition.

*Same.* Evidence is admissible against a town for personal injur-
ies resulting from a defective sidewalk to show the condi-
tion of the walk and repairs thereof for many years prior to
the accident, to show not only the actual condition of the
walk, but defendants knowledge thereof.

*Conclusions.* Evidence in an action against a town for personal in-
juries received from a defective sidewalk that the walk was in
the same condition at various times is admissible as a statement
of fact, and is not a mere conclusion.

*Declarations of suffering.* Declarations of plaintiff showing pres-
ent suffering are admissible in an action for personal injur-
ies; and statements to her physician.

CROSS-EXAMINATION: *Expense for nurses.* Where plaintiff, in an
action for personal injuries attempts to recover a bill for nurs-
ing, the defendant cannot show on cross-examination that such
services were rendered gratuitously.

HARMLESS ERROR: *Town records.* Where the evidence in an action
against a town for personal injuries received from a defective
sidewalk shows prior accidents occurring on the walk, the

admission of the record of the city council showing the appointment of a committee to look up claims of other persons injured thereon, is harmless error, though the record was not made until after plaintiff's accident.

*Same.* The admission of evidence on rebuttal which should have been offered in chief is not reversible error.

CONTRIBUTORY NEGLIGENCE: *Jury question.* Plaintiff, 69 years of age and nearly blind, was injured by falling on a defective sidewalk while going to church. She knew that the walk was in a defective condition but there is nothing which indicated that it was especially dangerous, and it was the only walk to the church. *Held,* not sufficient as a matter of law, to show that plaintiff was guilty of contributory negligence.

*Same.* The question whether a person receiving injury from a defective sidewalk was in the exercise of due care is to be determined from all the circumstances in the case.

Appeal: REVIEW OF CONFLICT IN TESTIMONY. Where the evidence is conflicting, the findings of the jury will not be reviewed.

VERDICT: *Of $750, held not excessive.*

*Appeal from Dickinson District Court.*—HON. W. B. QUARTON, Judge.

THURSDAY, FEBRUARY 6, 1902.

ACTION at law to recover damages for personal injuries sustained by plaintiff while passing along and over a sidewalk in the defendant town. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*V. A. Arnold* and *Corey & Everett* for appellant.

*St. Clair & Reigard* and *Milt H. Allen* for appellee.

DEEMER, J.—While passing along and over one of the sidewalks in defendant town, plaintiff, an old lady, 69 years of age, tripped and fell thereon, and, because of her fall, claims that she was severely and permanently injured. It is charged that the sidewalk was old and rotten, that the boards and timbers of which it was constructed were weak

and insufficient to sustain the weight of persons passing along and over the same, and that defendant was negligent in not repairing it. All these matters are denied in the answer, and on the issues thus joined the case was tried to a jury, resulting in a verdict and judgment for plaintiff.

I. The first point made is lack of evidence to support the verdict. The testimony is conflicting, and with the finding of the jury we should not interfere. The charges of negligence were couched in general terms, and are not specific, as defendant contends. The sidewalk in question was on the east side of lots 2, 3, and 4 in block 20. Plaintiff was permitted, as a part of her case, to show that another lady, who was hurt on this same sidewalk, served notice of her injury on the defendant town. It is said that this notice was erroneously admitted, because it did not appear that this other was injured at the same place where plaintiff fell. As plaintiff contended that the entire walk was out of repair, the testimony was admissible. This may also be said of other testimony adduced by plaintiff tending to show that the entire walk along block 20 was out of repair. *Hoover v. Town of Mapleton,* 110 Iowa, 572; *Bailey v. City of Centerville,* 108 Iowa, 23, and cases cited. Over defendant's objection plaintiff was permited to show the number of the members of her family. As the court, by its instructions, eliminated all claims for damages except for physical pain and suffering, and medical services and nursing, and medicine, no prejudice resulted, even if the ruling is conceded to be erroneous. Testimony was also offered by plaintiff to show that she had been a weaver. In view of the instructions just mentioned, there was no prejudicial error in the admission of this evidence. Plaintiff was asked whether or not she thought, when she attempted to pass over the walk, that she could do so with safety in view of her knowledge of its condition. Her thought about the matter was a material inquiry. If

she knew the walk was unsafe, and that it was imprudent for her to attempt to pass over it, it was her duty to take another one. But knowledge of its unsafe condition was not enough, as a matter of law, to require her to take another route. It should also appear that she knew, or ought to have known, that it was imprudent for her to attempt to pass over it. *Owen v. City of Ft. Dodge*, 98 Iowa, 289.

Evidence was adduced to show the condition of the walk, and repairs made of the same, for many years prior to the accident. This evidence was proper, as tending to show not only the actual condition of the walk from time to time, but defendant's knowledge thereof.

A record of the city council, showing that a committee was appointed to look up claims of two others who were injured on this same sidewalk, was introduced by plaintiff. This record was not made until after plaintiff received her injuries, but it related to claims filed before. Evidence as to these prior accidents was properly admitted under the rule heretofore stated; and the record to which we have referred, although not, perhaps, admissible, created no prejudice. The only effect it could have had would be to show that the city had notice of these prior accidents. That was definitely shown by other evidence, and no prejudice resulted. We do not reverse because testimony is admitted out of its proper order. Although not strictly rebuttal in character, the trial court may admit it as evidence in chief, and the mere fact that it is improperly admitted in rebuttal will not be ground for reversing the case. Witnesses were interrogated as to the relative condition of the walk at different times, and generally stated it was in the same condition at one time as another. This called for a fact, and not a conclusion, and was properly admitted in evidence.

Testimony as to declarations made by plaintiff showing present pain and suffering was properly admitted. The court would not permit defendant

to show on cross-examination of some of plaintiff's witnesses that the nursing bill sought to be recovered was for services rendered gratuitously. The ruling seems to be correct. *Varnham v. City of Council Bluffs*, 52 Iowa, 698. Statements made by plaintiff to her physician were properly given in evidence by the physician himself. Several other rulings on the admission and rejection of evidence are complained of, but they are not of sufficient importance to demand separate consideration. Generally the rulings were correct. Where incorrect, there was no prejudice.

II. Defendant contends that plaintiff was, as a matter of law, guilty of contributory negligence. It appears that she was 69 years of age at the time she met with the accident, and that she was nearly blind; that with her husband she started on the evening in question to go to church; that they took the sidewalk to which we have referred,—that being the only one leading from their house to the church; and that while passing over the same the plaintiff's foot caught therein, and she received the injuries of which she complains. There was nothing in the condition of the weather or of the walk which indicated that it might be specially dangerous to pass over it on the evening in question. Notwithstanding plaintiff's knowledge of the walk, and her own defective eyesight, it was not negligence, as a matter of law, for her to pass over it. *Sylvester v. Incorporated Town of Casey*, 110 Iowa, 256; *Hoover v. Town of Mapleton*, 110 Iowa, 572, and cases cited. Sidewalks are made for the use of the lame, the halt, and the blind, as well as for persons in the full possession of their faculties. The standard of care owing to them is not, ordinarily, increased by reason of defects of sight or of hearing, but these defects do not of themselves prevent one possessed thereof from going onto the public streets. Ordinary care under the circumstances is all that is required of them, and whether or not it has been exercised is generally·

a question of fact for a jury. *Stewart v. City of Ripon*, 38 Wis. 584; *Davenport v. Ruckman*, 37 N. Y. 568. The trial court left this matter to the jury under proper instructions, and its action is approved.

Certain of the instructions are complained of, and error assigned on the refusal of the court to give certain requests made by the defendant. The law in such cases is too well settled and understood to need amplification. It is sufficient to say that the charge given contained a clear exposition of the law, and that such of the requests as announced correct principles were embodied in the charge, and those which were incorrect were properly refused. The court instructed that plaintiff was required to exercise ordinary care to avoid the injury, and that whether or not she used this degree of care must be determined from all the circumstances in the case. This instruction was correct. *Langhammer v. City of Manchester;* 99 Iowa, 301. Greater watchfulness may be required under some circumstances than under others, but the measure is the same in every case, to-wit, ordinary care and watchfulness. Whether or not this was exercised depends, of course, very largely, on the surrounding circumstances. *Hall v. Incorporated Town of Manson,* 90 Iowa, 588. This was the fair purport of the charge given by the court, and defendant is in no position to complain of the court's refusal to give the instructions asked by it relating to this subject.

The size of the verdict is complained of. It was for $750. Viewed in the light of the record before us, it does not seem to be unreasonable.

There is no prejudicial error, and the judgment is AFFIRMED.