CHARLES COLBURN, Appellee, v. LESTER B. KRABILL, Appellant.

No. 45923.

APRIL 7, 1942.

REHEARING DENIED SEPTEMBER 25, 1942.

S. W. Livingston, of Washington, for appellant.

Louis J. Kehoe, of Washington, for appellee.

GARFIELD, J.—On the afternoon of November 7, 1939, plaintiff Colburn was riding in an automobile owned and driven by Lloyd Edwards. The car was moving east on a dirt-surfaced county road, when an automobile driven by defendant Krabill came from the east over the crest of a hill 75 to 100 feet in front of the Edwards car. Plaintiff contended in the court below, and testimony on his behalf tended to show, that the Edwards car was on its right or south side of the road, the right wheel

within 2½ feet of the edge of the ditch on the south side of the road. That defendant's car approached on its left or south side of the road, its left wheel in front of the left wheel of the Edwards car, until there was only about one car-length of space between the front of the two vehicles. That at this point defendant's car turned to its right, or north, but, according to plaintiff, too late, and the Edwards car was forced into the ditch on the south side of the road in order to avoid a collision with defendant's car. Plaintiff sued for resulting personal injuries.

The trial court submitted but a single charge of negligence, the failure of defendant to yield to the car in which plaintiff was riding half the traveled way by turning to the right, in violation of section 5024.02, Code, 1939. The jury returned a verdict for plaintiff. Defendant has appealed from the judgment entered thereon, assigning as error two rulings on evidence.

While the surface of the road fit for travel at the scene of the accident was about 25 feet wide, there was a single track consisting of two parallel wheel marks about 4 to 5 feet apart, the normal distance between automobile wheels. Testimony for appellee tended to show that this beaten track was on the south side of the road, the south wheel mark within 2½ feet of the ditch on the south side of the road. Appellant, on the other hand, contended, and there was evidence tending to show, that the beaten track was about in the center of the road.

I. Edwards, the driver of the car in which appellee rode, testified for appellee substantially as follows:

"Q. Describe * * * what appeared to you that each of you did as the two cars approached each other * * *. A. I thought Krabill wasn't going to get over. [Appellant's motion to strike this answer as a conclusion was sustained.] Q. You can describe what you saw. A. He wasn't just getting over in time for me and it was either hit the car or run in the ditch. Mr. Livingston [appellant's counsel]: We move to exclude the answer as an opinion and conclusion. The Court: Overruled."

This last ruling presents appellant's first claim to a reversal. Our attention is called to cases which hold that a witness is never allowed to express his opinion upon an ultimate fact

in issue before the jury. Among the cases cited are Justis v. Union Mut. Cas. Co., 215 Iowa 109, 244 N. W. 696; Crouch v. National Livestock Rem. Co., 205 Iowa 51, 58, 217 N. W. 557; Eclipse Lbr. Co. v. Davis, 196 Iowa 1349, 195 N. W. 337. We think these decisions are not applicable here.

The answer complained of was the substantial equivalent of saying, "Krabill was not turning out for my car in time and it appeared to me that I must either hit his car or run in the ditch." Somewhat similar testimony was held proper in Yeager v. Spirit Lake, 115 Iowa 593, 595, 88 N. W. 1095, 1096, an action to recover for personal injuries caused by falling on a defective sidewalk. This court there held it was proper for the plaintiff to testify whether she thought, when she attempted to pass over the sidewalk, that she could do so with safety, in view of her knowledge of its condition; that "her thought about the matter was a material inquiry." The cited case is but an illustration of the rule that where it becomes material to show the mental operation of a person "or to ascertain the reasons or influences which have induced certain action or conduct on his part, such person may testify directly thereto, even though such testimony may partake in some degree of the nature of a conclusion." Pooley v. Dutton, 165 Iowa 745, 749, 147 N. W. 154, 156; 20 Am. Jur. 314, section 338; 22 C. J. 610, et seq., section 704. As having some bearing, see Judd v. Rudolph, 207 Iowa 113, 116, 222 N. W. 416, 62 A. L. R. 1174; Yahn v. City of Ottumwa, 60 Iowa 429, 431, 15 N. W. 257.

█ However, we do not hold that the ruling complained of was proper. Indeed, it may be conceded that the answer should have been stricken. We are agreed, however, that the ruling, if error, was not sufficiently prejudicial to warrant a reversal. This record indicates that Edwards was uneducated and not an astute witness. It was difficult for him to understand the difference between facts and his conclusions therefrom. An intelligent jury could scarcely fail to recognize this answer as at least partly in the nature of a conclusion or a statement of the witness's claimed mental reaction at the time of the accident, which would be entitled to little weight unless the facts shown in the evidence justified the answer.

II. On cross-examination by appellant's counsel, the witness Edwards testified substantially as follows:

"Q. On the next morning, when you men measured the width of that road, when the Sheriff and his Deputy were present, you agreed that the road between the ditches on each side is 25 feet, didn't you? A. Yes, I guess we did. Q. And you also agreed at that time that the center of the beaten path was one foot south of the center of the 25 feet, didn't you? A. I can't remember it. Q. I mean the center of the road that was traveled. You all agreed that was one foot south of the center of the 25 feet, did you not? Mr. Kehoe [appellee's counsel]: Objected to as calling for an opinion and conclusion. The Court: Sustained. He may testify to the width, if he knows it."

This last question was repeated several times in substantially the same form and objections of not cross-examination and repetition were sustained. These rulings are the basis for appellant's remaining claim to a reversal. Appellant was attempting to show by this witness that on the morning after the accident measurements were taken by Edwards, appellant Krabill, the sheriff and his deputy, and it was agreed that the center of the beaten track was about one foot south of the center of the surface of the road. The record shows that Edwards was not asked on direct examination about any measurements at the scene of the accident. He did testify, however, that his car was traveling in the beaten track on the south side of the road.

It is elementary that the trial court has considerable discretion in determining the scope and extent of cross-examination. Rawleigh Med. Co. v. Bane, 218 Iowa 154, 157, 254 N. W. 18; State v. Kendall, 200 Iowa 483, 486, 203 N. W. 806; Taylor v. Wildman, 164 Iowa 252, 256, 145 N. W. 449; 70 C. J. 619, section 792. While a rather wide latitude is usually permitted on cross-examination, it is doubtful if the holding that this matter was beyond the scope of cross-examination presents an abuse of discretion. Furthermore, the witness had already answered practically the same question by saying "I can't remember it," and the trial court did not abuse its discretion in refusing to permit repetition. 70 C. J. 552-554, section 712; Garlick v. Pella, 53 Iowa 646, 649, 6 N. W. 3.

294

However, if it were to be conceded that the ruling was erroneous, we hold that the error, if it be such, is insufficient to warrant a reversal, even when considered in connection with the claimed error discussed in division I.

The witness having once answered that he could not remember, there is no indication that a different or more favorable answer would have been given had further cross-examination been permitted on this point. It therefore does not appear that appellant was prejudiced by these rulings.

The judgment is—Affirmed.

BLISS, C. J., and MITCHELL, STIGER, OLIVER, HALE, and WENNERSTRUM, JJ., concur.