MILDRED M. SNOOK, appellee, v. H. E. LONG, special administrator, et al., appellants.

No. 47964.

(Reported in 50 N.W.2d 366)

DECEMBER 13, 1951.

Stuart & Stuart, of Chariton, and Elton A. Johnston, of Corydon, for appellants.

Hoegh & Meyer and W. W. Bulman, all of Chariton, and Eugene Poston, of Corydon, for appellee.

MANTZ, J.—The action was at law for damages for personal injuries sustained by plaintiff in a collision between an automobile driven by her husband, in which she was a guest, and one driven by one Earl H. Turner, who was killed in said collision. The defendant herein is his administrator. This is the second appeal. See 241 Iowa 665, 42 N.W.2d 76. On the first trial the court directed a verdict in favor of the defendant. This was reversed by this court. On the second trial the case was submitted to the jury and a verdict was rendered in favor of plaintiff for $19,955.11. Thereafter, defendant moved for judgment notwithstanding the verdict.

I. Much of the evidence is not in dispute. We will briefly summarize some parts dealing with the situation as it existed prior to and at the time of the accident.

Marvin Snook, husband of plaintiff, operated a filling station in Humeston, Iowa. He closed the station about 10:30 p.m. and started north toward his home in Chariton, traveling on a twenty-foot concrete pavement on primary highway No. 65. The pavement ran north and south, and for a mile or two to the north made a slight downward slope. The night was dark. Snook was driving his single seated Ford coupé. Plaintiff sat on his right. To her right were seated two others. One Storie was there, riding with his wife on his lap. Snook drove his car approximately forty to forty-five miles per hour and until shortly before the collision was on his right side of the paving. About three fourths of a mile north of Humeston, Snook overtook a vehicle known in the record as the Schecter car. It was on the right side of the pavement. Shortly before Earl H. Turner entered highway No. 65 from the west on a side road and turned south. The point where he turned south was approximately one-half mile north of the place where the collision took place. Turner was a farmer and lived west of highway No. 65. He was driving a 1934 Ford automobile. As he came south he was in the right, or west, lane of the highway. When Snook overtook the Schecter car he turned to the left to pass and at a point a few feet to its rear had a head-on collision with the Turner car. Both the colliding cars were on the west side of the highway. Turner died shortly after the collision and plaintiff sustained serious injuries.

II. The plaintiff in her petition charged Turner with cer-

tain negligent acts; the principal one relied upon was that at and prior to the collision he was operating his automobile with illegal and defective lights. She claims that by reason of such negligence, and with no contributing negligence on her part, she suffered the damage and injuries complained of. The defendant-administrator denies any negligence on the part of Turner; claims that the lights of his car were legal; and avers the sole proximate cause of plaintiff's injury was plaintiff's husband's attempt to pass the Schecter automobile; in violation of the statute.

The court's instructions are not in the record. However, the record shows that defendant took no exceptions to them as given.

III.   Defendant urges as grounds for reversal five propositions. These may be summed up in three: (1) That there was not sufficient evidence of negligence on the part of Turner to warrant the court in submitting the case to the jury (2) that Turner's negligence, if any, could not have been the proximate cause of the collision, and (3) that the verdict of the jury was excessive, and showed passion and prejudice.

IV.   As before stated, the trial court at the first trial directed a verdict against plaintiff, principally upon the ground that there had been a failure to show negligence on the part of Turner. The negligence charged against Turner was that prior to and at the time of the collision Turner's automobile was being driven with illegal and defective lights. This court reversed, holding that under the record the question of his negligence in such respect should have been submitted to the jury. In the present case, after the verdict the defendant made a motion for judgment notwithstanding verdict. In denying said motion the court stated that the evidence was practically the same as in the former trial.

Except the matter of the damages, all questions raised by the defendants upon this appeal are foreclosed by our opinion upon the former appeal (241 Iowa 665, 42 N.W.2d 76) unless the evidence in the second case is materially different from that in the first trial. As the testimony in the second trial is substantially the same as in the former case it becomes the law of the case. See McKlveen v. Townley, 233 Iowa 328, 7 N.W.2d 186; Bair v. Shoultz, 233 Iowa 980, 7 N.W.2d 904.

We are satisfied the evidence upon the second trial is not materially different from that in the first trial. Thus the only question left for our determination is whether the size of the verdict is excessive.

V. The last error considered is that the jury was swayed by passion and prejudice and that the verdict was excessive. When the case was called for trial on September 25, 1950, plaintiff was approximately twenty-four years old. She had been married in 1947. She was a graduate of the Chariton High School. Prior to the accident she was regularly employed by the Lucas County Telephone Company at a weekly wage of $25. Since the accident she has been unable to perform any work. The testimony of lay witnesses goes to the present condition of plaintiff—stiff knees, inability to stand without support or to walk in a normal manner. She still suffers pain—is highly nervous; she is not able to do housework; she cannot get into or out of the bath tub without help.

According to Dr. Hyatt, who was called right after the collision, she suffered a fracture of both thigh bones—her knees were injured and one at least was mashed. There were numerous cuts and bruises about her face and body. The cuts on her face left scars. He states that at present one leg is about one-half inch shorter than the other. Plates were put on the broken femur bones. She entered the hospital at Leon right after the accident and left October 18. She returned to the hospital November 17 and stayed until November 24. She went home and Dr. Hyatt called regularly once a week until April or May 1949. Until July she was confined to a wheel chair. She now uses crutches. The evidence further shows that as a result of the accident she had a miscarriage. Dr. Hyatt stated that plaintiff will require nursing and further medical attention; also, that the condition of her legs and left knee is permanent; that the scars on her face and legs are permanent. Dr. Hyatt stated that a reasonable charge for his services was $1,097. He gave an opinion that for her care a reasonable charge was from $3 to $6 per day. The charge of the hospital was $979.65.

There was ample evidence that the plaintiff had suffered much pain and that she still so suffers. The damages which are to be allowed are to be fixed by the jury. We find nothing in the

record to indicate passion or prejudice. The damages allowed do not shock the conscience and appear to us to have ample support in the evidence. Under the record we are not prepared to hold that the allowance was excessive. In considering such question see Christensen v. Boucher, 237 Iowa 1170, 24 N.W.2d 782; In re Estate of Hollis, 235 Iowa 753, 16 N.W.2d 599; McKee v. Iowa Railway & Light Co., 204 Iowa 44, 214 N.W. 564; Dunham v. Des Moines Ry. Co., 240 Iowa 421, 35 N.W.2d 578.

This claim of error is without merit.

We find no prejudicial error in the trial of the case. We hold that the case was fairly tried and was free from error. For that reason it is affirmed.—Affirmed.

All JUSTICES concur.