Penelope Jane NELSON, a Minor, by Thelma Maxine O'Neal, Her Mother and Next Friend, Appellant,

v.

John GRIMES, d/b/a Kerrigan Boat Docks, Appellee.

No. 15947.

United States Court of Appeals Eighth Circuit.

June 26, 1958.

Warren C. Schrempp, Omaha, Neb. (David S. Lathrop, Henry C. Rosenthal, Jr., and Schrempp & Lathrop, Omaha, Neb., were with him on the brief), for appellant.

Robert D. Mullin, Omaha, Neb. (Robert E. McCormack, Omaha, Neb., was with him on the brief), for appellee.

Before SANBORN, WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from a judgment for the defendant (appellee) entered on the verdict of a jury in a personal injury action arising out of the explosion of a motor boat on Carter Lake, Iowa, in the afternoon of June 24, 1956. The plaintiff (appellant), who was seventeen years of age, was a guest passenger in the boat and was seriously burned when it exploded.

The plaintiff brought this action upon the claim that the explosion of the boat and her injuries were the result of the negligence of the defendant, the operator of a commercial boat dock at Carter Lake, in connection with the refueling of the boat with gasoline just prior to the explosion.

The defendant in his answer admitted being engaged in operating a commercial boat dock at Carter Lake on June 24, 1956, and that on that day the plaintiff sustained injuries in an explosion and fire, while an occupant of a motor boat owned and operated by John Quinn. The defendant denied any negligence in connection with refueling the boat in suit, and alleged that the "explosion and fire, and plaintiff's resulting injuries, were caused and contributed to by the negligence and contributory negligence of the plaintiff, Penelope Jane Nelson, in assuming the risk of occupying the Quinn boat at a time when she knew, or should have known, said boat was in a dangerous and defective condition." The defendant also alleged that John Quinn was guilty of negligence which, concurring with the plaintiff's own negligence, proximately caused or contributed to the explosion and fire and her injuries.

No useful purpose would be served by attempting to outline the evidence in detail. The boat belonged to John Quinn, then of Omaha, Nebraska. He and his wife had invited the plaintiff to accompany them to Carter Lake, Iowa, on June 24, 1956. She had some familiarity with the boat, since she had been in it as a guest of the Quinns at times in the summer of 1955. She testified that nothing had happened prior to the accident to indicate to her that the boat was in a dangerous or defective condition. On June 24, 1956, Quinn had considerable difficulty in getting the boat's engine started; he evidently ran down the starting battery and had to have it quick-charged before he could get the engine going. The plaintiff and the Quinns then rode around the lake in the boat and engaged in swimming and sun bathing. Thereafter Quinn brought the boat into the defendant's dock for gasoline, and the plaintiff and the Quinns left the dock, and drank pop at a pop stand while the gas-

oline tank of the boat was being filled. When they got back into the boat, the Quinns were in the bow, and the plaintiff in the stern. Quinn turned on the ignition, and the boat exploded. It was still alongside the dock.

The actual refueling of the boat was done by George Toozer, a fifteen-year-old boy who was working for the defendant on the day of the accident. According to Toozer, when the boat came into the dock for refueling he had "Mr. Kerrigan" turn on the gasoline pumps, about 60 feet away from the gasoline hoze nozzle. Toozer then took off the cap from the filler pipe of the gas tank of the boat, put the nozzle in the pipe, and filled the tank. He testified that he spilled no gas and properly replaced the filler cap; that he observed no space between the pipe and the deck; that he left the boat tied up, at Quinn's request, and did not open the hatch or ventilate the boat. There was evidence on the part of Mrs. Quinn that she saw Toozer overflow the tank during the refueling operation and jump back when that happened.

It is our conclusion that this case will have to be retried. It is apparent that the defendant was relying heavily upon his claim that the motor boat was defective and that the plaintiff knew or should have known that it was in a defective and dangerous condition and likely to explode and burn, or, in other words, that she was negligent in unnecessarily placing herself in a situation of known danger. Clearly, what knowledge the plaintiff had about the condition of the boat at the time of the explosion was a material issue in the case. On the trial, the plaintiff was asked the following question: "On the day you went out in the boat on June 24, 1956, did you have any knowledge personally of any dangerous or defective conditions of the boat?" The question was objected to by the defendant "as calling for a conclusion and invading the province of the jury on the ultimate fact and not an issue here." The court sustained the objection. The plaintiff offered to prove that "she in her own mind personally had no knowledge of any dangerous

or defective condition of the boat nor any reason to believe that the boat was either dangerous or defective." The court sustained an objection to the offer.

The court instructed the jury on the issue of contributory negligence as follows:

"Furthermore, a burden is placed upon the plaintiff to show that she was free from any negligence contributing to her injuries. The contributory negligence, if any, need not be the proximate cause of the injuries in order to bar her recovery.

"The pleadings have characterized, and therefore limited, the nature of the alleged contributory negligence as that of the plaintiff's assuming the risk of occupying the motor-boat at a time when she knew, or should have known, that the boat was in a dangerous and defective condition. In order to determine whether the plaintiff did assume such a risk, you must find:

"1. That the motorboat was in a defective and unsafe condition immediately prior to the accident, if it was;

"2. That the defective and unsafe condition proximately caused or contributed to the happening of the accident, if it did;

"3. That the plaintiff knew, or in the exercise of ordinary care, should have known of such danger; and

"4. That the plaintiff unreasonably exposed herself to such danger, if she did, and was injured by an accident proximately resulting from such exposure.

"If you find from a preponderance of the evidence that the plaintiff did expose herself to a danger of which she knew or, by ordinary care should have known, and as a proximate result was injured thereby, then you should consider whether such exposure was intentional and unreasonable.

"Before you can find such exposure to have been intentional, it is

not necessary that you find that the plaintiff was willing to endure harm, but it is necessary that you find that the plaintiff was willing to place herself within reach of the danger, or was willing to take the risk.

"To have been unreasonable, the exposure must have been such that in the exercise of ordinary care a person in the plaintiff's position would not have risked it. You should consider all of the facts and circumstances in evidence, such as the amount of danger and the probability of harm, if any, which bear upon the question of whether or not the plaintiff acted as a person in the exercise of ordinary care would have acted in the plaintiff's position."

■ We can see no justification for denying the plaintiff, who, under Iowa law, had the burden of showing her freedom from contributory negligence (Fort Dodge Hotel Co. of Fort Dodge v. Bartelt, 8 Cir., 119 F.2d 253, 258), an opportunity to testify that, at the time of the explosion, she had no knowledge of any defective or dangerous condition of the motor boat and no reason to anticipate an occurrence such as that which took place; particularly in view of the court's instruction which permitted the jury to find that she did in fact know that the boat was in a dangerous and unsafe condition, and was contributorily negligent in being in it. It was, in our opinion, prejudicial error to exclude the plaintiff's evidence as to her knowledge or lack of knowledge of the alleged defective and dangerous condition of the motor boat.

■ It is safe to say that whenever motive, intent, belief or knowledge of a party is a material issue or element in a case, he may testify directly with respect thereto. See: 20 Am.Jur., Evidence, §§ 335, 336, 338; 31 C.J.S. Evidence § 178; Colburn v. Krabill, 232 Iowa 290, 292, 3 N.W.2d 154, 155; Halligan v. Lone Tree Farmers Exchange, 230 Iowa 1277, 300 N.W. 551, 555–556; Beach v. Beach, 160 Iowa 346, 141 N.W. 921, 925; Yeager v. Incorporated Town of Spirit Lake, 115 Iowa 593, 595–596, 88 N.W. 1095, 1096.

■ We are of the opinion that the District Court in its instructions confusingly intermingled contributory negligence and assumption of risk. The issue, as we see it, was whether the plaintiff, as a guest passenger in the Quinn motor boat, used such care for her own safety and protection as an ordinarily prudent person of her age and with her knowledge and experience would usually have used under the same or similar circumstances. The jury, with all the pertinent evidence before it, should be able to decide that question.

■ We do not agree with the defendant that whatever errors took place during the trial were not prejudicial because the evidence was insufficient to support a verdict for the plaintiff. We think the issues of negligence and contributory negligence were, under the evidence, issues of fact for the jury, and not issues of law for the court.

The judgment appealed from is reversed, and the case is remanded with directions to grant a new trial.

VAN OOSTERHOUT, Circuit Judge (specially concurring).

I concur in the result reached and with all parts of the opinion except the discussion dealing with the quoted instructions. I concede that the questioned instructions are complicated, and agree that there is much to be said in favor of submitting the contributory negligence issue upon the usual simple contributory negligence instructions.

The majority does not specifically hold the instructions erroneous, but states that the "instructions confusingly intermingled contributory negligence and assumption of risk." Some confusion exists between contributory negligence and assumption of risk. This problem was carefully considered by the Supreme Court of Iowa in Gibson v. Shelby County Fair Ass'n, 246 Iowa 147, 65 N.W.2d 433. The court there states (65 N.W.2d at page 439):

"Various decisions are cited to the effect that acquiescence in a position

of obvious danger is contributory negligence and expressions that plaintiff assumed the risk have been used where plaintiff was said to be guilty of contributory negligence.

\* \* \* \* \*

"In the case at bar defendant pleaded plaintiff's injuries were the result of his negligence in placing himself in a position of danger and remaining there. This pleads a type of contributory negligence. Restatement of the Law, Torts, section 466, section 893."

It is my opinion that under applicable Iowa law the instructions are not vulnerable to attack upon the ground that they confusingly intermingle contributory negligence and assumption of risk.