TED R. RUSSELL, appellee, v. CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, appellant.

No. 49922.

(Reported in 102 N.W.2d 881)

MAY 3, 1960.

Roscoe Jones, of Atlantic, A. B. Howland and B. A. Webster, Jr., both of Des Moines, for appellant.

James B. Smith, of Perry, Harold DeKay, of Atlantic, and John Paul Jones, of Des Moines, for appellee.

GARFIELD, J.—This is a law action by Ted R. Russell against Chicago, Rock Island and Pacific Railroad Company to recover for personal injuries from a collision between an automobile owned and driven by one Petersen, in which plaintiff was a passenger, and a freight train of defendant standing on a grade crossing in Atlantic, Iowa, about 8:45 p.m., January 11, 1955. Trial resulted in jury verdict and judgment for plaintiff from which defendant has appealed.

This is the second appeal in this case—following the second trial thereof. The first trial also resulted in jury verdict for plaintiff but the district court granted defendant's motion for judgment notwithstanding verdict and, in the alternative, for a new trial. Upon plaintiff's appeal we reversed the order granting judgment notwithstanding verdict but affirmed the order granting new trial because of improper jury argument by plaintiff's counsel. 249 Iowa 664, 86 N.W.2d 843. The factual situation sufficiently appears from the opinion there reported.

I. Defendant first assigns error in the court's refusal to remove the case from the jury assignment and assign it for trial without a jury.

Rule 177(b), Rules of Civil Procedure, provides: "A party desiring jury trial of an issue must file a written demand therefor * * * within ten days after the last pleading directed to that issue."

Rule 177(d) states: "Notwithstanding the failure of a party to demand a jury * * * the court, in its discretion on motion and for good cause shown, * * * may order a trial by jury * * *."

This action was commenced May 11, 1955. No formal demand for a jury was made but the case was placed in the jury assignment. On the day the first trial started defendant moved that it be transferred to the nonjury assignment because a jury had not been demanded. The motion was denied and, as stated, trial was to a jury. Although the railroad, appellee on the first appeal, then contended the claimed error in proceeding with a jury trial was sufficient ground for ordering the new trial we evidently found it unnecessary to consider the point.

After the remand for a new trial defendant again moved to order trial without a jury because one had not been demanded. Plaintiff moved to strike defendant's motion. The case was specially assigned for trial to a jury. Four days prior to the trial date plaintiff filed a formal demand for jury trial. Later that same day defendant again moved to assign the case for trial without a jury on the ground plaintiff's demand was not timely. The court ordered that trial to a jury proceed since the first trial was to a jury, the case was specially assigned some weeks prior to commencement of the term for retrial to a jury and arrangements were made with the court to hear the jury case on November 17, 1958, when trial commenced.

■ We are not persuaded it was an abuse of discretion, under the circumstances here, to retry the case to a jury. The fact the first trial was to a jury afforded some basis for plaintiff's counsel to assume the second trial would likewise be to a jury. The record indicates the special assignment for the second trial was made more than two months before the date set. Defendant

844

concedes the case was placed in the jury assignment without objection by its local counsel. It is fair to think he in turn promptly notified his associates thereof. Although plaintiff's demand for jury trial was belated it was in fact filed before the trial. The court evidently felt it would be a considerable inconvenience if trial to the jury did not proceed as planned.

Rule 177(d), partly quoted above, contemplates the court has discretion to order a jury trial notwithstanding failure to demand one within the ten-day period referred to in 177(b). Such a rule is the one generally recognized by the cases. Annotations, 64 A. L. R.2d 506, 519 et seq. See also Id., page 540 et seq., 552 et seq.; 50 C. J. S., Juries, section 102a, page 809.

II. Error is assigned in striking as untimely an amendment to defendant's answer, filed at the beginning of the trial, three and one-half years after the action was commenced, alleging plaintiff was not a mere passenger in the Petersen automobile but the two were engaged in a joint venture, and the negligence of Petersen, the driver, was the negligence of plaintiff. Until then defendant's answer admitted plaintiff was a passenger in the Petersen car. We hold the ruling was not an abuse of discretion and, further, was without prejudice to defendant.

Rule 88, R. C. P., provides, "Any pleading may be amended before a pleading has been filed responding to it. The court, in furtherance of justice, may allow later amendments, including those to conform to the proof and which do not substantially change the claim or defense. * * *." There can be no question this amendment would substantially change the defense.

The facts relied upon as a basis for this amendment were brought out at the first trial in March 1956, although perhaps somewhat amplified in a deposition of plaintiff taken three days before the second trial. Rule 141, R. C. P., as amended effective July 4, 1957, permitted taking such a deposition at any time thereafter. The long delay in filing the amendment was sufficient ground for the trial court, in its discretion, not to permit it. Brown v. Schmitz, 237 Iowa 418, 421–423, 22 N.W.2d 340, 342, 343; Robinson v. Home Fire & Marine

Ins. Co., 244 Iowa 1084, 1089, 1090, 59 N.W.2d 776, 779, 780; Pansegrau v. Collins, 247 Iowa 632, 634–636, 75 N.W.2d 249, 251, 252. See also Skinner v. Polk County, 250 Iowa 1264, 98 N.W.2d 749, 750, 751.

Defendant says the amendment to answer should in fairness have been permitted because plaintiff was allowed to amend his petition at the beginning of the trial by reducing from five to three, and restating in somewhat different form, the specifications of defendant's alleged negligence. We think there was no inconsistency in these two rulings which indicates an abuse of discretion in disallowing the amendment to answer. Plaintiff's amendment did not substantially change his claim. The trial court felt it narrowed, rather than expanded, the alleged grounds of negligence and we are not inclined to disagree.

■ The record does not disclose, nor does defendant assert, it was precluded by the disallowance of its amendment from offering any evidence it could to support the defense plaintiff and Petersen were engaged in a joint venture so the latter's negligence would be imputed to the former. We find no substantial evidence to support such a defense. Defendant was therefore not prejudiced by disallowance of the amendment. As bearing on this see Robinson v. Home Fire & Marine Ins. Co., supra, 244 Iowa 1084, 1091, 59 N.W.2d 776, 780, 781; Agans v. General Mills, Inc., 242 Iowa 978, 986, 48 N.W.2d 242, 246, 247.

■ Before the negligence of Petersen could be imputed to plaintiff on the theory they were engaged in a joint venture there must be some evidence plaintiff had the right to control in some manner the operation of the automobile. Stingley v. Crawford, 219 Iowa 509, 512, 513, 258 N.W. 316, and citations; Carpenter v. Wolfe, 223 Iowa 417, 426, 273 N.W. 169; Churchill v. Briggs, 225 Iowa 1187, 1188–1191, 282 N.W. 280; Newman v. Hotz, 226 Iowa 834, 838, 285 N.W. 287; 65 C. J. S., Negligence, section 168c, page 813; 5 Am. Jur., Automobiles, section 501; 38 Am. Jur., Negligence, section 249, page 940 ("The occupant as well as the driver must be entitled to a voice in the control and direction of the vehicle."); Annotation, 95 A. L. R.

857, and earlier annotations therein cited. Barrett v. Chicago, M. & St. P. R. Co., 190 Iowa 509, 521, 175 N.W. 950, 180 N.W. 670, is like this case on the point now considered.

■ There is no evidence plaintiff attempted to direct or control the operation of the Petersen car. In fact it appears he did not do so. The mere circumstance plaintiff bought Petersen five gallons of gasoline earlier in the evening is insufficient basis for a finding the former was entitled to a voice in control of the automobile. 65 C. J. S., Negligence, section 168c, page 816; 5 Am. Jur., Automobiles, section 501, page 787.

III. Defendant contends it was entitled to a directed verdict on the grounds the railroad crossing in question was not peculiarly hazardous or dangerous and the record is insufficient to establish its actionable negligence with respect to maintenance or repair of the automatic signal gong at the crossing.

■ Upon the prior appeal we held a jury question was presented upon the negligence of defendant in creating a hazardous situation at the crossing and failing to protect travelers from it. Also as to whether the automatic signal was not operating (defendant concedes there was such a question upon the second trial) and whether defendant's employees knew, or in the exercise of reasonable care should have known, of such nonoperation so as to protect highway traffic by some other proper warning. These holdings are the law of the case unless the evidence upon the second trial is materially different from that on the first trial. Snook v. Long, 243 Iowa 61, 63, 64, 50 N.W.2d 366, 368, and citations; 5B C. J. S., Appeal and Error, section 1834d, pages 219 to 223; 3 Am. Jur., Appeal and Error, section 1000.

Examination of the record upon the first appeal satisfies us the evidence upon the second trial is not materially different. The new evidence is largely cumulative in character and does not render inapplicable the law-of-the-case doctrine. Lawson v. Fordyce, 237 Iowa 28, 31, 21 N.W.2d 69, 73, and citations, where the doctrine is discussed at length; 5B C. J. S., Appeal and Error, section 1834d, page 223. See also in this connection Pellett v. Sonotone Corp., 26 Cal.2d 705, 160 P.2d 783, 160 A. L. R. 863, 865.

It follows, we think, that defendant was not entitled to a directed verdict upon the grounds urged.

Defendant argues the mere failure of a signal gong to operate in a single isolated instance is insufficient proof of negligence on its part in the maintenance thereof. It may be conceded there are statements to such effect in decisions. The railroad must have actual or constructive notice of the defect. See Applegate v. Chicago & N. W. Ry. Co., 334 Ill. App. 141, 78 N.E.2d 793, 798; Lake Erie & W. R. Co. v. Howarth, 73 Ind. App. 454, 127 N.E. 804; 44. Am. Jur., Railroads, section 522; 74 C. J. S., Railroads, section 727b, page 1348; Annotations, 53 A. L. R. 973, 99 A. L. R. 729. See also, however, Mohr v. Toledo, P. & W. R. Co., 7 Cir., 232 F.2d 869; 871, 872. Nothing in our former opinion or in the court's instructions to the jury upon the second trial conflicts with defendant's view of the law upon this point.

Instruction 11 states in substance that if the gong was not operating at the time of the accident defendant would not be negligent in this respect unless it knew or in the exercise of ordinary care should have known thereof for a sufficient time to repair the gong or furnish additional warning. We do not understand defendant complains of this statement of the law. It does contend there is insufficient evidence the gong was not operating for such a time that its employees knew or should have known thereof. Upon the prior appeal we held evidence no stronger than that in the present record was sufficient upon this point.

IV. Defendant argues the trial court erred in submitting to the jury the pleaded specifications of negligence as revised by the court.

The three specifications of negligence contained in plaintiff's petition as amended were in substance: (1) In stopping its train across said highway at a time and under such circumstances that it created a hazardous and dangerous situation not readily visible to plaintiff and his driver. (2) In failing, after having thus created a hazardous situation, to exercise ordinary care to provide a flagman or other extra warning precautions

to apprise plaintiff and others lawfully using said highway of the presence of the train. (3) In failing, although having installed an automatic warning bell at the crossing, to ascertain that it was not working and to provide other and adequate warning facilities in place thereof.

The court's instructions combine the first and second specifications and submit them as a single charge. This may have been due in part to the fact one ground of defendant's motion to withdraw the first specification was that the mere stopping of a train cannot create a hazardous and dangerous situation although it is possible it may create a duty to provide some warning other than the train itself.

■ We see no impropriety of which defendant may complain in thus combining pleaded specifications 1 and 2 into a single charge and submitting them to the jury together with the third pleaded specification as an added ground of negligence. The court may have felt, as defendant contended, the first pleaded specification was insufficient by itself to amount to a charge of negligence; also that proof thereof was a prerequisite to the second pleaded specification which refers to it. Under this manner of submission, before defendant could be found negligent in failing to provide other warning precautions to apprise highway users of the presence of the train it must appear defendant had created a hazardous and dangerous situation by stopping its train across the highway.

■ ■ It is not unusual or improper for instructions to juries to paraphrase pleaded specifications of negligence. They need not be submitted precisely as pleaded. Clarke v. Hubbell, 249 Iowa 306, 313, 86 N.W.2d 905, 909, and citations. Of course where each of two pleaded specifications is itself complete and sufficient it may be prejudicial to a plaintiff to combine them so proof of both is required, when proof of either is sufficient evidence of defendant's negligence. This was the situation in Clarke v. Hubbell, supra.

We think submission of the two specifications of negligence as stated in the instructions finds support from our opinion upon the former appeal. Submission of the first of these also finds support in Lindquist v. Des Moines Union Ry. Co., 239

Iowa 356, 359, 30 N.W.2d 120, 121, cited and relied upon in the former opinion.

V. Defendant asked the court to instruct the jury that unless plaintiff established the signal gong was not sounding as the Petersen automobile approached the crossing plaintiff is not entitled to recover "and you should consider no other question but immediately return a verdict for defendant." We think refusal of this request was not reversible error in view of the instructions given, particularly No. 11.

The only specification of negligence, either in plaintiff's petition as amended or in the court's instructions, which refers to the claimed fact the automatic warning bell was not working at the time in question is the last specification. After setting out this alleged ground of negligence, instruction 11 states that if plaintiff has failed to establish the gong was not sounding as the Petersen auto approached the crossing, "you should give no consideration to this claimed ground of negligence." Also that the specification should be considered only if plaintiff has established the signal bell was not sounding at the time in question. As previously indicated, the instruction concludes: "If you find * * * the gong was not operating at the time of the accident and defendant knew or in the exercise of ordinary care should have known it was not operating for a sufficient time to repair it or furnish additional warning, then such failure to keep the gong in repair would be negligence on the part of defendant."

The jury was permitted to find defendant negligent only in one or both of the respects alleged in the petition and submitted in the court's instructions. Unless it so found, plaintiff was not entitled to recover under the instructions given. As stated, the only specification of negligence which refers to the alleged fact the automatic bell was not working is the last one. The jury was plainly told this specification could be considered only if it found plaintiff had established the bell (or gong) was not sounding as the automobile approached the crossing. Thus the jury could not find defendant negligent with respect to the bell unless it first found it was not working at the time in question.

VI. We find no undue prejudicial restriction upon defendant's cross-examination of plaintiff's witnesses George Odle or the driver, Calvin K. Petersen.

Odle testified he was at the crossing sometime after one o'clock the night of the accident when a train went by, he paid particular attention to whether the crossing bell then rang and did not hear it. Also that he went to defendant's depot in Atlantic, reported a fire on the track near the crossing and told the man in charge about where the Petersen automobile was wrecked. On cross-examination Odle testified "That is all I had to say to him" and he believed he had told all the conversation with the man at the ticket window. Defendant then asked whether the witness said anything to the man about the fact a train had gone through and the crossing bell had not rung. Defendant assigns as error the sustaining of plaintiff's objection to the question as not proper cross-examination.

 Since the witness on cross-examination had twice said he had related the whole conversation inquired about, it was not an abuse of discretion to sustain the objection, nor could defendant have been substantially prejudiced by the ruling. Although cross-examination is of course a valuable right, the trial court has considerable discretion in determining its scope and extent. Colburn v. Krabill, 232 Iowa 290, 293, 3 N.W.2d 154, 156, and citations; State v. Sedig, 235 Iowa 609, 615, 616, 16 N.W.2d 247, 251, and citations; State v. Sampson, 248 Iowa 458, 461, 462, 79 N.W.2d 210, 212, 213; 98 C. J. S., Witnesses, section 404.

 On direct examination Petersen said he would not know for sure how far he was from the train when he saw it or "hit his brakes." On cross-examination the witness testified that on a level roadway, traveling 25 to 30 miles per hour, from the time he wanted to stop he estimated he would travel 90 to 115 feet. He was then asked, "If the standard tests show the distance, including reaction time, is about 73 feet at 30 miles per hour, is that according to your experience?" The court sustained plaintiff's objection as not proper cross-examination, assuming facts not shown and no proper foundation laid. There was no showing at any time of what the "standard

tests" revealed. The question improperly assumed a fact not proven. Ipsen v. Ruess, 239 Iowa 1376, 1390, 35 N.W.2d 82, 92, and citations; Rimmer v. Chadron Printing Co., 156 Neb. 533, 56 N.W.2d 806, 809; 98 C. J. S., Witnesses, section 341; 58 Am. Jur., Witnesses, section 566.

 Petersen was also asked whether in driving his automobile with brakes in the condition they were in on January 11, on a level roadway *in a dry, normal condition*, it would take more than 75 feet to stop. The court sustained plaintiff's objection on the ground there was no showing as to the surface of the road and no proper foundation laid for the question. There is no evidence the highway was in a dry, normal condition at the time of the accident. On the contrary it appears it was wet and at least somewhat icy and slippery. The question does not state whether the road referred to was paved, blacktop, gravel or otherwise surfaced. Defendant's counsel said he desired to examine the witness as to his stopping distance under different conditions of roadway, first one that was dry and then later under other conditions.

We find no abuse of discretion in this ruling. The witness was quite fully cross-examined—as was Odle. It would seem too defendant could have suffered little, if any, prejudice from these rulings on Petersen's cross-examination in view of the fact the jury was told in instruction 12 the evidence was without dispute that Petersen was negligent in failing to stop before striking the train. Apparent purpose of the excluded questions was to show Petersen negligent in this respect.

 VII. Defendant's objections to instructions 10 and 11 regarding the submitted specifications of negligence are largely disposed of by what is heretofore said. One objection not previously mentioned to No. 11 is directed to the statement therein that the public had a right to rely upon defendant's keeping a warning device such as was established at this crossing in an efficient working condition. This was objected to as too broad, makes defendant an insurer of the safety of the crossing, and the rule set forth is applicable only to the issue of contributory negligence.

The statement referred to is from our opinion on the former appeal (at page 671 of 249 Iowa, page 847 of 86 N.W.2d), quoted with approval from Langston v. Chicago & N. W. Ry. Co., 398 Ill. 248, 254, 75 N.E.2d 363, 366, which cites several decisions to support it. The same statement also appears in Applegate v. Chicago & N. W. Ry. Co., supra, 334 Ill. App. 141, 78 N.E.2d 793, 799, 800, cited by defendant.

When the statement mentioned is considered in connection with the rest of instruction 11, summarized in Division V hereof, we think it is not objectionable in any of the respects urged. The former opinion indicates we were aware the issue of contributory negligence was not involved. Nor was the issue involved in the Langston case, supra. The trial court should not be reversed for including in an instruction a statement from our prior opinion which was binding upon him as the law of the case.

VIII. In view of the court's instruction 12 we find no error prejudicial to defendant in the refusal of its fifth and sixth requested instructions. The fifth request sets out the provision of section 321.341, Codes, 1954, 1958, that whenever the driver of a vehicle approaches a railroad grade crossing and warning is given by automatic signal or otherwise of the immediate approach of a train the driver shall stop and not proceed until he can do so safely. The request goes on to say that unless plaintiff has established the automatic bell was not operating as the Petersen automobile approached the crossing, Petersen's failure to stop would be negligence on his part which would be the proximate cause of the collision and plaintiff could not recover.

Defendant's sixth request states that the driver of an automobile must operate it under reasonable control at all times and at a careful and prudent speed, not greater than will permit him to stop within the assured clear distance ahead, and any failure of Petersen to comply with these provisions would be negligence on his part.

As explained in Division VI hereof instruction 12 says it is without dispute Petersen *was* negligent in failing to stop his vehicle before striking the train. Defendant's fifth request

would have left it to the jury to decide whether Petersen's failure to stop was a violation of section 321.341, and hence negligence. The sixth request would have left it to the jury to determine whether Petersen was negligent mainly in violating speed restrictions set out in Code section 321.285. It seems clear that in these respects instruction 12 which took from the jury any possible claim Petersen was not negligent in failing to stop his car is more favorable to defendant than these two requests. It is not apparent defendant would have benefited from letting the jury decide whether such failure to stop or the speed of the Petersen car was a statutory violation. See in this connection Tucker v. Tolerton & Warfield Co., 249 Iowa 405, 412, 413, 86 N.W.2d 822, 827, 828, and citations.

The peremptory statement in the fifth request that Petersen's negligence, if there was such, in not stopping his car was the proximate cause of the collision, so plaintiff could not recover, is of course more favorable to defendant than to leave to the jury the question of proximate cause as the court did. Defendant does not argue this portion of the request was proper. In any event we hold it was for the jury to determine whether Petersen's negligence was the sole proximate cause.

IX. In deciding this appeal it is proper to give some consideration to the fact the case has been twice tried, with a different Judge presiding each time, and each trial resulted in a verdict for plaintiff. Lawson v. Fordyce, supra, 237 Iowa 28, 66, 67, 21 N.W.2d 69, 89, and citations. We find none of the assigned errors clearly entitles defendant to a reversal.—Affirmed.

THOMPSON, PETERSON, THORNTON, and GARRETT, JJ., concur.

LARSON, C. J., and HAYS, J., dissent from Division V and an affirmance.

BLISS and OLIVER, JJ., not sitting.